1  ROBERT E. BOONE III, California Bar No. 132780
   JEFFREY W. MOROF, California Bar No. 102821
2  JAMES C. PETTIS, California Bar No. 223953
   **BRYAN CAVE LLP**
3  120 Broadway, Suite 300
   Santa Monica, California 90401-2386
4  Telephone:   (310) 576-2100
   Facsimile:   (310) 576-2200
5
   Attorneys For Defendant
6  TELEDYNE CONTINENTAL MOTORS, INC.,
   Erroneously sued and served herein as
7  "Teledyne Technologies, Inc."

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA LITTLE, Individually and as Executor of the Estate of ROBERT JAMES LITTLE, and KIMBERLY LITTLE, individually and as Next Friend of ROBERT AUSTIN LITTLE, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>PIPER AIRCRAFT COMPANY, TELEDYNE TECHNOLOGIES, INC., FESSLER AVIATION, INC., ELLIOT AVIATION OF THE QUAD CITIES, INC., PRECISION AIRMOTIVE CORPORATION AND DOES 1-500, Inclusive,<br><br>Defendants. | Case No. C 07-1815 VBF (FFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. Valerie Baker Fairbank<br>Courtroom: 9 |

IT IS HEREBY ORDERED that plaintiffs Virginia Little and Kimberly Little ("Plaintiffs"), and Teledyne Continental Motors, Inc. erroneously served and sued as Teledyne Technologies, Inc. ("Teledyne"), Piper Aircraft Company, and Precision Airmotive LLC, erroneously sued as Precision Airmotive Corporation (collectively, "Defendants"), and their respective counsel, shall be subject to this Protective Order, as follows:

683797

STIPULATED PROTECTIVE ORDER

Need and Application

1.1     This action arises from a November 6, 2005 aircraft accident that occurred during an attempted landing of a general aviation aircraft piloted by Plaintiffs' decedent, Robert Little. The parties anticipate that they will engage in extensive discovery regarding, among other things: (1) the maintenance, inspection, and operation of the aircraft and its component parts; (2) the design and certification of the aircraft and its component parts; (3) contract, sales, promotional, and warranty materials regarding the subject aircraft and its component parts; (4) manuals, technical specifications, engineering recommendations, service bulletins, and other technical documents relating to the aircraft and its component parts; and (5) documents produced and/or generated as part of the accident investigation.

1.2     Discovery relative to these and other topics will necessitate the disclosure of what each party contends is confidential and sensitive information, such as trade secrets, financial and pricing information, and non-public information about existing or potential customers. Prior to production, no party can effectively evaluate the claims of the other as to the need for protection. Thus, a means which enables the production of documents at least to the point of evaluating the claims of need for protection, and an order specifying how such documents need to be treated, is required. Moreover, pursuant to the terms of this Protective Order, any document designated as confidential where that designation is disputed can be identified as such and the matter submitted to the Court for resolution.

1.3     In essence, in the absence of a stipulated protective order, the Court would have to evaluate innumerable documents individually, and this task would likely severely burden the Court's processes and slow discovery. As to those documents which are entitled to protection, disclosure of such confidential information is likely to prejudice the legitimate business, competitive, and/or privacy interests of the parties or of third parties. A protective order is thus needed in this action to enable the documents to be evaluated, to protect against unauthorized disclosure of confidential information, and to ensure that such information will be used only for purposes of this action. A protective order will also expedite the flow of discovery materials, protect the integrity of truly confidential information, promote the

prompt resolution of disputes over confidentiality, protect material worthy of protection, and ensure that protection is afforded only to materials so entitled.

<u>Terms</u>:  The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

2.1   "Action" specifically refers to the pretrial proceedings and trial or settlement of *Virginia Little, et al. v. Piper Aircraft Company, et al.*, Case No. C 07-1815 VBF (FFMx).

2.2   "Producing Party" means the party, or the person or entity other than a party, being asked to produce documents or information considered by that party person or entity to be Confidential Information, and includes a party asserting a confidentiality interest in information produced by others.

2.3   "Receiving Party" means that party/person/entity receiving or requesting production of Confidential Information.

2.4   "Confidential Information" means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith believes contains or concerns confidential, non-public, proprietary and/or sensitive information including, but not limited to, information regarding a party's finances, processes, products, services, research & development, manufacturing, purchasing, accounting, engineering, designing, marketing, merchandising, selling, distribution, leasing, and servicing systems and techniques, licensing, distribution, financial data, technical information, product specifications, testing procedures, test criteria and results, personnel records and information, non-public submissions and communications with government agencies, proprietary or nonpublic commercial information, proprietary information, intellectual property, including trade secret information, information involving privacy interests, and commercially and/or competitively sensitive information of a nonpublic nature, or received on a confidential basis. By way of example only, such information includes schematics, designs, models, drawings, manuals, memoranda, specifications, computer software, computer printouts, computer

683797

3

STIPULATED PROTECTIVE ORDER

1 programs, development tools and processes, technical data and improvements.  It also
2 includes plans or proposals with regard to any of the foregoing, whether implemented or not,
3 and any electronic data recorded, sent or retrieved by any means that contains any of the
4 foregoing information.  Confidential Information also includes information concerning
5 plaintiffs' and plaintiffs' decedents' health, mental condition, marital status, income tax
6 returns, and other personal and financial information requested of plaintiff as well as
7 designated portions of any deposition transcript of the plaintiff containing testimony
8 concerning any such matters or any other matter plaintiffs believe in good faith should be
9 protected as Confidential Information.

10      2.5     "Litigation Documents" means all pleadings, motions, affidavits and related
11 papers, all documents produced or exchanged in the course of this action or any settlement
12 negotiations, all written discovery responses and all transcripts and testimony given in
13 depositions, in hearings or at trial.

14      <u>Designation of Confidential Information</u>

15      3.1     In connection with discovery proceedings in this Action, any Producing Party
16 may designate any document, thing, material, testimony or other information derived
17 therefrom, and which contains, describes, identifies or refers to Confidential Information, as
18 "CONFIDENTIAL" under the terms of this Protective Order, by stamping copies of the
19 document produced with the legend "CONFIDENTIAL."  Third parties producing
20 documents in the course of this action may also designate documents as "Confidential"
21 subject to the same protections and constraints as the parties to the Action if that third party
22 agrees to the terms of the Protective Order and so demonstrates by signing Attachment A.  A
23 copy of this Protective Order shall be served along with any subpoena served in connection
24 with this action.

25      <u>Use of Confidential Information</u>

26      4.1     The Confidential Information designated "CONFIDENTIAL" and produced
27 shall be used for this Action, and shall not be used for any other action or purpose
28 whatsoever and shall not, without leave of this Court, be disclosed to any person or entity

683797

4

STIPULATED PROTECTIVE ORDER

1  other than this Court (~~under seal~~) (**FFM)** and the parties to this Action and their counsel,
2  each of whom shall be subject to the terms of this Protective Order.  This information shall
3  not be used for any other purpose, including business, governmental, commercial,
4  administrative, or judicial proceedings.

5     4.2    The disclosure by counsel for a party of the Confidential Information to
6  paralegals and clerical staff employed by the disclosing counsel's office is allowed under the
7  terms of this Protective Order without limitation and without the need to execute a
8  Declaration.  Such disclosure shall not constitute a violation or a waiver of the protections
9  afforded by this Protective Order.  Said paralegals and staff, as employed as agents of the
10 disclosing counsel, are bound by this Order to the same extent as the parties and attorneys are
11 bound.  Disclosure by counsel for a party of the Confidential Information to experts retained
12 by the disclosing counsel shall not constitute a violation or waiver of the protections afforded
13 by this Protective Order so long as the expert to whom disclosure is made has executed a
14 Declaration in the form attached as Exhibit A.  A copy of each executed Declaration shall be
15 maintained by the retaining counsel for Plaintiffs or Defendants, respectively.

16    <u>Depositions</u>

17    5.1    During a deposition, any party may ask the reporter to designate certain
18 portions of the testimony as Confidential, in which case the Confidential portions shall be
19 separately transcribed and labeled as Confidential.  In addition, within thirty (30) days after a
20 copy of the transcript is delivered to the parties, counsel may designate the entirety or any
21 specified portion of the transcript or exhibits thereto as Confidential by letter to the opposing
22 party.  Until such thirty (30) day period expires, the entirety of such transcripts and all exhibits
23 shall be treated as Confidential and subject to this Order.  After such thirty (30) day period
24 expires, such transcripts, exhibits or portions designated as Confidential shall be treated as
25 such under this Order.  If no such designation is made within thirty (30) days, such transcripts
26 or exhibits shall not be subject to this Order, except for good cause shown by the designating
27 party.  All parties in possession of a copy of a designated deposition transcript shall
28 appropriately mark it as containing Confidential Information.

683797

5

STIPULATED PROTECTIVE ORDER

<u>Interrogatories</u>

6.1   Any party may, in good faith, designate Confidential Information contained in a response to an interrogatory by designating the responses "Confidential," or the Receiving Party otherwise shall be advised in writing of such confidential status, and the information may be served and filed in a separate document if desired.

<u>Mistake or Inadvertence</u>

7.1   Notwithstanding the procedure set forth above, documents or other discovery materials produced and not designated as "Confidential" through mistake or inadvertence shall likewise be deemed Confidential upon notice of such mistake or inadvertence. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is protected from disclosure.

7.2   Where a Producing Party has inadvertently produced a document which the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within 10 days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content). A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions) is subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity from discovery, basis for asserting that production was inadvertent, and the date of discovery that there had been an inadvertent production. The inadvertent production of any document which a Producing Party later claims should not have been produced because of a privilege

683797

6

1  will not be deemed to be a waiver of any privilege to which the Producing Party would have
2  been entitled had the privileged document not inadvertently been produced.  If a Producing
3  Party requests the return of the document, pursuant to this paragraph, of any such document
4  from another party, the party to whom the request is made shall within ten (10) days return to
5  the requesting party all copies of the document within its possession, custody, or control –
6  including all copies in the possession of experts, consultants, or others to whom the
7  document was provided.  In the event that only portions of the document contain privileged
8  subject matter, the Producing Party shall substitute a redacted version of the document at the
9  time of making the request for the return of the requested document.  In the event the
10 Receiving Party contests the claim of privilege or inadvertent production, the Receiving Party
11 shall file a motion within 10 days after return of the document to obtain a court determination
12 that the document is not privileged.

   Challenge of Designation

13
14      8.1    The Receiving Party shall not be obligated to challenge the propriety of the
15 Confidential Information designation at the time made or upon a submission to the Court.  In
16 the event a party disagrees at any stage of these proceedings with the Producing Party's
17 particular designation of Confidential Information, the parties shall first try to dispose of such
18 dispute in good faith on an informal basis.  If a dispute cannot be informally resolved, the
19 Receiving Party may seek appropriate relief from this Court, and the Producing Party shall
20 have the burden of proving that the information is entitled to confidentiality protection.  The
21 Confidential Information shall remain Confidential according to the particular status given to
22 it by the designating party unless and until the court rules to the contrary.

   Court Filings

23
24      9.1    Unless otherwise ordered by this Court, or agreed to by all parties to this
25 Action, any documents, including but not limited to pleadings, memoranda, deposition
26 notices, deposition transcripts, interrogatories, requests for document production, subpoenas,
27 and responses thereto containing, paraphrasing or summarizing discovery material designated
28 "CONFIDENTIAL," produced in this Action, and **intended to be (FFM)** filed with this

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

Case 2:07-cv-01815-VBF-FFM   Document 103   Filed 10/01/08   Page 8 of 12   Page ID #:1300

1 Court shall be ~~filed~~ **lodged** (**FFM**) in a sealed envelope or other suitable container with a
2 cover label bearing the caption of the action, the title of the document, and a statement
3 substantially in the following form:
4   "CONFIDENTIAL:  THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE
5 SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT
6 AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF
7 THIS COURT OR AN ATTORNEY IN THIS CASE."
8   9.2 All ~~Litigation~~ **such** (**FFM**) Documents ~~filed~~ **lodged** (**FFM**) with the Court
9 containing Confidential Information shall be filed ~~in compliance with the filing requirements~~
10 ~~set forth in~~ **only pursuant to court order pursuant to** (**FFM**) Central District Local Rule
11 79-5.  All parties shall be served with a copy of the application and proposed order required
12 under Local Rule 79-5.1.
13   <s>Jury</s>
14   <s>10.1 Counsel for a party shall not, in the presence of the jury, comment on the</s>
15 <s>reasons or motivation for designating the Confidential Information as "CONFIDENTIAL"</s>
16 <s>without first having obtained permission of the Court to do so.</s> (**FFM**)
17   <u>Subpoena by Courts or Agencies</u>
18   11.1 If another court or an administrative agency subpoenas or orders production of
19 Confidential Information that the parties have obtained under the terms of this Stipulation
20 and Protective Order, the parties shall promptly notify the Producing Party of the pendency
21 of such subpoena or order.  At least ten (10) days after notifying the producing party of such
22 subpoena, the subpoenaed party and his/her/its agents shall be entitled to comply with the
23 subpoena, unless the producing party has filed for or succeeded in obtaining an order
24 modifying or quashing the subpoena.  In the event the return or response date for any such
25 subpoena or the compliance date for any such order is les than ten (10) days after service
26 thereof, the subpoenaed party shall:  (1) request an extension of the return or compliance date;
27 and (2) advise the producing party immediately of such return or compliance date.
28   <u>Termination</u>

683797  8  STIPULATED PROTECTIVE ORDER

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

12.1     This Protective Order shall be binding throughout and after final adjudication of this Action, including any final adjudication of any appeals and petitions for extraordinary writs.  Within sixty (60) days after final adjudication of this Action, the Clerk of this Court shall return under seal to counsel for the producing party all Confidential Information designated "CONFIDENTIAL" including, without limitation, all transcripts or other things which were subject to the provisions of this Protective Order, and within one-hundred and twenty (120) days after final adjudication of this Action, counsel then having possession, custody or control of such materials, transcripts, or other things designated "CONFIDENTIAL" shall return to counsel for the producing party all such Confidential Information.

Additional Protection

13.1     Nothing in this Protective Order shall be construed to preclude any party from seeking additional protection for the Confidential Information or the contents of the Confidential Information designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Protective Order.

Modification Permitted

14.1     Nothing in this Stipulation and Protective Order shall prevent a party from seeking modification of this Stipulation and Protective Order, or from objecting to discovery that it believes otherwise to be improper.

Responsibility of Attorneys

15.1     The attorneys of record are responsible for employing reasonable measures, consistent with this Stipulation and Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.  Parties shall not duplicate any Confidential Information except working copies and for filing in court under seal.  All copies made of Confidential Information shall bear the appropriate "Confidential" designation.

No Waiver

16.1     Review of Confidential Information by counsel, experts, or consultants for litigants in this Action shall not waive the confidentiality of documents or objections to

1 production.

2     16.2    The inadvertent, unintentional, or in camera disclosure of Confidential
3 Information shall not, under any circumstances, be deemed a waiver in whole or in part, of
4 any party's claims of confidentiality.

5     16.3    Nothing contained in this Stipulation and Protective Order shall constitute a
6 waiver of, or otherwise prejudice the Producing Party's right to protect from disclosure any
7 information based on any applicable privilege, right of privacy, trade secret protection or other
8 statutory or common law immunity.

9     16.4    The parties shall take such measures as are necessary and appropriate to prevent
10 the public disclosure of Confidential Information through inadvertence or otherwise, after the
11 conclusion of this litigation.

12     <u>Scope of Stipulation and Protective Order</u>

13     17.1    This Stipulation and Protective Order shall not enlarge or affect the proper
14 scope of discovery in this or any other litigation, nor shall this Order imply that material
15 designated as "Confidential" under the terms of this Order is properly discoverable, relevant
16 or admissible in this or any other litigation.

17     17.2    The entry of this Stipulation and Protective Order shall be without prejudice to
18 the rights of the parties, or of any non-party to assert or apply for additional or different
19 protection at their discretion.

20     17.3    Nothing contained in this Stipulation and Protective Order and no action taken
21 pursuant to it shall prejudice the right of any party to contest the alleged confidentiality,
22 relevancy, admissibility, or discoverability of the Confidential Information sought.

23     17.4    The terms of this Stipulation and Protective Order shall survive and remain in
24 effect after the termination of this Action and any related lawsuit.  The parties agree that the
25 Court may maintain jurisdiction over this matter beyond the termination of this Action for
26 purposes of enforcement of this agreement.

27     **17.5    Nothing herein should be construed as relating to any evidence**
28 **presented at court proceedings or trial.  Any requests regarding restrictions on such**

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

1 **evidence, or the manner of presenting it, must be made to the judicial officer**
2 **conducting the proceedings.** (**FFM**)

  Rulings

  18.1   Nothing in this Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

  This Stipulation may be executed in counterparts

  19.1   Facsimile signatures will be considered as valid signatures.

  Costs

  20.1   Each party shall bear its own costs for complying with this Protective Order.

**ORDER UPON STIPULATION**

IT IS SO ORDERED.

DATED: October 1, 2008

/ S /  FREDERICK F. MUMM
_____
FREDERICK F. MUMM
United States Magistrate Judge

683797

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

**ATTACHMENT A**

<u>DECLARATION</u>

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents and have been apprised of its terms by _____, attorney(s) for _____.

I hereby agree to abide by the terms of said order, entitled "Stipulated Protective Order."

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_ day of _____, 2008 at _____,_____.

Sign: _____

Name: _____